CASE NO. 24-13896-F

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Pen American Center Inc., et al.,

Plaintiffs-Appellees,

*v.*

Escambia County School Board,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Florida
Case No. 3:23-cv-10385-TKW-ZCB

**FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY'S
REPLY TO APPELLANTS' RESPONSE IN OPPOSITION TO THE
MOTION FOR LEAVE TO FILE AMICUS BRIEF**

David A. Karp
**CARLTON FIELDS, P.A.**
2 MiamiCentral
700 N.W. First Avenue
Suite 1200
Miami, Florida 33136-4118
(305) 539-7280

*Attorneys for Amicus Curiae Florida
Center for Government Accountability*

*Pen American Center, Inc. v. Escambia County School Board*
Case No. 24-13896-F

# CERTIFICATE OF INTERESTED PERSON

Amicus Curiae Florida Center for Government Accountability certify under Fed. R. App. P. 26.1 and 11th Cir. L.R. 26.1-1 that the following persons or entities may have an interest in the outcome of this litigation:

1. **Adams, Kevin** (Appellant)

2. **Agarwal, Shalini Goel** (attorney for Appellees)

3. **Ballard Spahr LLP** (attorneys for Appellees)

4. **Baer, Nicholas Eli** (attorney for Amici Florida State Conference NAACP and Equality Florida Action, Inc.)

5. **Bell, Daniel William** (attorney for Amicus State of Florida)

6. **Bertelsmann Management SE** (General Partner and Manager of Bertelsmann SE & Co. KGaA)

7. **Bertelsmann SE & Co. KGaA.** (Parent Corporation of Penguin Random House)

8. **Bertelsmann Stiftung** (Shareholder of Bertelsmann SE & Co. KGaA)

9. **Bertelsmann Verwaltungsgesellschaft (BVG)** (Voting shareholder of Bertelsmann SE & Co. KGaA)

10. **Bolitho, The Honorable Zachary C.** (United States Magistrate Judge)

11. **Bouzat, Facundo** (attorney for Appellees)

12. **Boyd, Kamera Ella** (former attorney for Appellees)

13. **Brannen, Sarah** (former Plaintiff)

14. **Buschel, Robert C.** (attorney for Amici Florida State Conference NAACP and Equality Florida Action, Inc.)

15. **Buschel Gibbons, P.A.** (attorneys for Amici Florida State Conference NAACP and Equality Florida Action, Inc.)

16. **BVG-Stiftung** (Shareholder of Bertelsmann SE & Co. KGaA.)

17. **Calvert, Clay** (Amicus)

18. **Compton, Kyle** (Amicus)

19. **Corbin, Caroline Mala** (Amicus)

20. **Costello, David Matthew** (attorney for Amicus State of Florida)

21. **Covington & Burling LLP** (attorneys for Amici Florida State Conference NAACP and Equality Florida Action, Inc.)

22. **Duke, Samantha Crawford** (attorney for Appellants)

23. **Durtschi, Lindsay** (former Plaintiff)

24. **Easton, Eric B.** (Amicus)

25. **Ekstrand, Victoria Smith** (Amicus)

26. **Epstein, Michael M.** (Amicus)

27. **Equality Florida Action** (Amicus)

28. **Escambia County School Board** (Appellant)

29. **Escambia County School District** (former Defendant)

30. **Fehlan, Kirsten Elizabeth** (attorney for Appellees)

31. **Fetsko, Paul** (Appellant)

32. **Fields, Goldie Felice** (attorney for Appellees)

33. **Florida State Conference NAACP** (Amicus)

34. **Florida Center for Governmental Accountability** (Amicus)

35. **Fugate, Rachel Elise** (attorney for Amicus Calvert and Individual Amici)

36. **Glass, Benjamin** (Appellee)

37. **Grosholz, Jeffrey J.** (attorney for Appellants)

38. **Hans, G.S.** (Amicus)

39. **Hein, Jayni Foley** (attorney for Amici Florida State Conference NAACP and Equality Florida Action, Inc.)

40. **Hightower, Patty** (Appellee)

41. **Johnson, George M.** (Appellee)

42. **Karp, David A.** (attorney for Amicus Florida Center for Governmental Accountability)

43. **Kilgarriff, Michael Robert** (attorney for Appellees)

44. **Kitrosser, Heidi** (Amicus)

45.    **Kussmaul, Matthew Gerard** (attorney for Appellees)

46.    **Langford, Johns Thomas** (attorney for Appellees)

47.    **Lev, Ori** (attorney for Appellees)

48.    **Levithan, David** (former Plaintiff)

49.    **Lidsky, Lyrissa** (Amicus)

50.    **Ludington, Sarah** (Amicus)

51.    **Lukoff, Kyle** (Appellee)

52.    **Magarian, Gregory P.** (Amicus)

53.    **Marceau, Justin** (Amicus)

54.    **Marsey, John David** (attorney for Appellants)

55.    **Martin, C. Amanda** (Amicus)

56.    **The Mohn Family** (Shareholder of Bertelsmann SE & Co. KGaA.)

57.    **Niehoff, Len** (Amicus)

58.    **Novakowski, Ann** (Appellee)

59.    **Oberlander, Lynn Beth** (attorney for Appellees)

60.    **O'Hickey, Bridget K.** (attorney for Amicus State of Florida)

61.    **Parker, Kristy L.** (attorney for Appellees)

62.    **Parker, Sean** (Appellee)

63.    **Patrow, Kristin A.** (Amicus)

64. **Peltz-Steele, Richard J.** (Amicus)

65. **PEN American Center, Inc.** (Appellee)

66. **Penguin Random House LLC** (Appellee)

67. **Perez, Ashley Hope** (Appellee)

68. **Phillips, Clarence William** (Counsel for Amici Florida State Conference NAACP and Equality Florida Action, Inc.)

69. **Piety, Tamara** (Amicus)

70. **Protect Democracy Project** (attorneys for Appellees)

71. **Reinhard Mohn Stiftung** (Shareholder of Bertelsmann SE & Co., KGaA.)

72. **Roy, Erica** (former Plaintiff)

73. **Rumberger, Kirk & Caldwell, P.A.** (attorneys for Appellants)

74. **Safier, Paul Joseph** (attorney for Appellees)

75. **Safstrom, Jennifer** (Amicus)

76. **Satterwhite, Christopher Scott** (Appellee)

77. **Schwartzmann, Katie M.** (Amicus)

78. **Seager, Susan E.** (Amicus)

79. **Shapiro, Lena** (Amicus)

80. **Slayton, William** (Appellant)

81. **Smith, Carin** (former Plaintiff, on behalf of herself and minor children)

82. **Smith, Nicole Sieb** (attorney for Appellants)

83. **State of Florida** (Amicus)

84. **Summers, Shawn F.** (former attorney for Plaintiffs)

85. **Ugland, Erik** (Amicus)

86. **Warren, Catherine Jane** (attorney for Appellees)

87. **Weinberg, Jonathan** (Amicus)

88. **Wetherell II, The Honorable Kent T.** (United States District Court Judge)

89. **Whitaker, Henry Charles** (attorney for Amicus State of Florida)

90. **Williams, David** (Appellant)

*/s/ David A. Karp*
David A. Karp
Florida Bar No. 69226

# CORPORATE DISCLOSURE STATEMENT

Amicus Curiae Florida Center for Governmental Accountability states under Fed. R. App. P. 9(a)(4)(A) and 26.1, and 11th Cir. L.R. 26.1-3 that it is a non-profit corporation, has no parent corporation, and does not issue shares of stock.

*/s/ David A. Karp*
David A. Karp
Florida Bar No. 69226

# **ARGUMENT**

The issues raised in the Florida Center for Government Accountability's amicus brief are plainly relevant to this appeal. The Escambia County School Board claims otherwise, but it spends 19 pages addressing the underlying merits of the amicus brief's arguments. The School Board's extensive treatment of those underlying arguments alone shows the issues are relevant, and the panel hearing this appeal should consider the value of the issues raised by the amicus brief.

The School Board opposes the motion for leave to file the amicus brief for two main reasons. First, it complains the amicus brief does not discuss the issues raised by the parties in their principal briefs. *See* Resp. at 13-15. But that is one of the purposes of amicus briefs. "[T]he criterion for deciding whether to permit the filing of an amicus brief should be . . . whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (denying leave to file amicus brief that covered the same ground as the parties' briefs). At times, "individual judges have rightly observed that too many *amicus* briefs do not even pretend to offer value and instead merely repeat (literally or through conspicuous paraphrasing) a party's position." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020). "Nobody benefits from a copycat *amicus* brief . . . . The point, of course, is that an *amicus*

1

*curiae* brief should be additive—it should strive to offer something different, new, and important." *Id.* The proposed amicus brief assists the Court by "[o]ffering a different analytical approach to the legal issues before the court" and "[h]ighlighting . . . legal nuance glossed over by the parties[.]" *Id.* Here, the amicus brief's discussion of issues not raised by the parties, which the Court may nevertheless confront, makes the brief more, not less, valuable.

Next, the School Board argues the plaintiffs did not raise in the district court the arguments the amicus brief presents in this appeal. That argument is unpersuasive for several reasons. Contrary to the School Board's assertion, the plaintiffs did not forfeit this issue below. They argued that the legislative privilege did not apply to this case. Raising that issue preserved the underlying arguments because "[l]itigants can waive or forfeit positions or issues through their litigation conduct in the district court but not authorities or arguments." *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, 113 F.4th 1312, 1320 (11th Cir. 2024) (holding that insured did not waive argument that New Jersey law controlled interpretation of policy where insured argued below that federal common law supported its policy reading). *See, e.g., Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018) (holding that plaintiffs were "entitled to challenge [] arguments on appeal whether or not it had done so in the district court"). "Once a [] claim is properly presented, a party can make any argument in support of that claim; parties

are not limited to the precise arguments they made below." *Yee v. City of Escondido*, 503 U.S. 519, 534, 112 S. Ct. 1522, 118 L.Ed.2d 153 (1992) (petitioners could challenge regulation even after raising a takings claim below based only on physical occupation). Once a party raises an issue in the lower court, she "generally possesses the ability to frame the question to be decided in any way [s]he chooses, without being limited to the manner in which the question was framed below." *Id.*

But the Court should not even reach this waiver argument in a motion for leave to file an amicus brief. To consider this issue, the Court would first need to reverse and remand, which it is unlikely to do given the strength of the plaintiff's arguments on appeal. Then, on remand, the plaintiffs would need to raise the amicus curiae's arguments in the district court. Before this Court could even decide whether waiver occurred, the district court would need to rule on the issue first and that ruling would need to be appealed.

And even if a party did not raise the argument below, an amicus curiae can still brief the argument on appeal as a friend of the court. Amicus briefs offering alternative arguments not squarely raised by parties have influenced the outcome of important cases. *See, e.g.*, *Mapp v. Ohio*, 367 U.S. 643, 674 n.5-6 (1961) (reversing Fourteenth Amendment precedent where criminal defendant challenged constitutionality of state statute and "expressly disavowed" overruling *Wolf v. Colorado*, 338 U.S. 25 (1949), but the ACLU appeared as amicus curiae and "urge[d]

3

the Court to overrule *Wolf*"); *Grutter v. Bollinger*, 539 U.S. 306, 331 (2003) (upholding law school race-conscious admission policies based, in part, on amicus brief from high-ranking military officers explaining the need for race-conscious admissions to train military leaders and fulfill the military's national security mission). Courts frequently allow briefing by non-parties because "[a]n amicus curiae . . . does not represent the parties but participates only for the benefit of the Court." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (internal citation and quotations omitted) (permitting amicus brief on jurisdictional issue despite party's alleged failure to litigate the issue earlier).

Rather than deny leave to even file the proposed amicus brief, the Court should let the three-judge panel that will consider this appeal decide whether the amicus brief is helpful.[1] Before briefing has been completed or oral argument (if

---

[1] The School Board tries to smuggle merits arguments into its opposition to a simple motion for leave. But a motion paper is not the place to argue the merits; such argument should have been reserved for the School Board's reply brief.

Even so, its merits arguments are unavailing. It claims that *Pernell v. Florida Board of Governors*, 84 F.4th 1339 (11th Cir. 2023), foreclosed the amicus brief's argument, but it acknowledge that "[a]t no point did this Court [in *Pernell*] consider the proper scope of the privilege to be applied–state versus federal[.]" Resp. at 16. Because *Pernell* did not consider the issue the amicus brief now raises, *Pernell* cannot foreclose the argument.

Similarly, the School Board claims the federal interest in enforcing the First Amendment is strong. That argument confuses the federal court's interest in an exclusionary evidentiary privilege, as opposed to the underlying claims. But even considering the underlying federal claims, the School Board's argument does not

4

granted) conducted, this Court cannot fully appreciate the amicus brief's relevance or helpfulness. For this reason, then-Judge Samuel Alito advised against denying a motion for leave to file an amicus brief "at a relatively early stage of the appeal." *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132-33 (3d Cir. 2002). "[I]t is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection with the motion for leave to file." *Id.* Because a single judge, who may not be assigned to the merits panel considering the appeal, may rule on a motion for leave, *see* 11th Cir. R. 27-1(d)(10), Judge Alito explained that "it is preferable to err on the side of granting leave." *Id.* "If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief." *Id.*

For these reasons and the reasons offered in its original motion, the Florida Center for Governmental Accountability respectfully requests this Court grant it leave to file the proposed amicus brief.

---

advance its cause. A federal court's strong interest in vindicating First Amendment rights weighs against applying an unqualified federal common law privilege, which undermines the First Amendment claim here, and weighs in favor of applying the narrower state legislative privilege, which would allow the Court to fully consider the First Amendment claim without exclusionary rules that deny the "right to every man's evidence." *Trammel v. United States*, 445 U.S. 40, 50 (1980).

Date: March 31, 2025                              Respectfully submitted,

                                                                 */s/ David A. Karp*
                                                                 David A. Karp
                                                                 Florida Bar No. 69926
                                                                 **CARLTON FIELDS, P.A.**
                                                                 2 MiamiCentral
                                                                 700 N.W. First Avenue
                                                                 Suite 1200
                                                                 Miami, Florida 33136-4118
                                                                 (305) 539-7280

                                                                 *Attorneys for Florida Center for Government Accountability*

# **CERTIFICATE OF COMPLIANCE**

I certify this motion complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B) and 11th Cir. L.R. 28-1. The motion contains 1,152 words and uses Times New Roman 14-point font.

                                                                  */s/ David A. Karp*

# **CERTIFICATE OF SERVICE**

I certify a true copy of the foregoing was served on March 31, 2025, on the all counsel of record by electronically filing it with the Court through CM/ECF.

                                                                  */s/ David A. Karp*

139145756.#